UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID MCCORKLE,**

    **Plaintiff,**

vs.                                                              **CASE NO.:**

**OFFICE TEAMWORK SOLUTIONS, LLC d/b/a THE GREAT ESCAPE ROOM, a Florida Limited Liability Company,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID MCCORKLE ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, OFFICE TEAMWORK SOLUTIONS, LLC d/b/a THE GREAT ESCAPE ROOM, ("Defendant") and in support thereof states as follows:

### INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* ("FCRA") and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering damages, liquidated damages,

injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant, OFFICE TEAMWORK SOLUTIONS, LLC d/b/a THE GREAT ESCAPE ROOM is a Florida Limited Liability Company, licensed and authorized to conduct business in the State of Florida. At all material times hereto, Defendant conducted business in Florida.

2. At all times material to this action, Plaintiff was an "employee" as defined by the laws under which this action is brought.

3. At all times material to this action, Defendant was and still is an "employer" as defined by the laws under which this action is brought.

4. Plaintiff was hired on or about February 15, 2016, doing contract work for Defendant and was hired as a full-time Programmer in 2018. During Plaintiff's tenure, Plaintiff was promoted to Chief Technical Officer (CTO).

5. Plaintiff is an adult individual who resided in Seminole County, Florida at all relevant times of this action.

6. Plaintiff worked for Defendant at its Seminole County location.

## JURISDICTION AND VENUE

7. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367.

9. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Seminole County, Florida.

10. The illegal conduct complained of, and the resulting injury occurred within the judicial district in and for the Middle District of Florida.

### TITLE VII / FCRA STATUTORY PREREQUISITES

11. Plaintiff is a gay male who was subjected to a hostile work environment based on his sexual orientation. As such he is a member of a class of individuals protected by Title VII and the FCRA.

12. Plaintiff was qualified for his position of employment.

13. Plaintiff suffered an adverse effect upon his employment when he filed a written complaint that he was being harassed by a coworker due to his sexual orientation.

14. Plaintiff suffered from differential application of work or disciplinary rules because Defendant treated Plaintiff differently on the basis of Plaintiff's protected class.

15. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

16. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

17. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 8, 2023, which is within 300 days of the last date of Defendant's alleged discriminatory and retaliatory conduct.

Plaintiff was issued a right-to-sue letter by the EEOC on September 24, 2024. Therefore, this complaint is being filed within 90 days of receiving his right to sue letter.

18. Accordingly, Plaintiff has completed with all other Title VII and FCRA requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

19. Plaintiff was hired on or about February 15, 2016, doing contract work for Defendant and was hired as a full-time Programmer in 2018. During Plaintiff's tenure, Plaintiff was promoted to Chief Technical Officer (CTO).

20. Plaintiff is a gay male. Both he and his partner, Kirk Eppenstein, worked for Defendant. Mr. Eppenstein worked through July 2023, and Plaintiff continues to be employed as a Technician.

21. Mr. Eppenstein was the Chief Operating Officer ("COO") for Defendant until his termination on July 21, 2023.

22. In September 2020, Jean Pierre Boucher, was hired as the Production Manager for Defendant. Plaintiff reported to Mr. Boucher.

23. Mr. Boucher would often make derogatory comments about Plaintiff, Mr. Eppenstein, and gay men in general.

24. Some of Mr. Boucher's comments include "[Defendant] shouldn't hire anymore gay sissy-boys," "fags" and "ladyboys," and other similar demeaning statements.

25. Several complaints were made about Mr. Boucher's conduct, including his blatant violation of Defendant's harassment and discrimination policies.

26. Mr. Boucher was ultimately terminated in or about July 2021, due to complaints of his hostile attitude towards those in the LGBTQ+ community.

27. Despite Mr. Boucher's known animus towards those in the LGBTQ+ community, particularly gay men, Defendant's owner, Dr. Howard Sakowitz, made the decision to bring back Mr. Boucher as an independent contractor in November 2021.

28. After Mr. Boucher was rehired with Defendant, he continued to make homophobic statements regarding Plaintiff, his partner, and gay men in general, including that "some faggots are only in certain positions because they sucked the boss's dick." This was a reference to Plaintiff's promotion to CTO and that he only got that promotion because of his relationship with Mr. Eppenstein.

29. In January 2023, Mr. Boucher was formally rehired as an employee of Defendant (versus an independent contractor). He reported to Plaintiff.

30. During Mr. Boucher's first week back as an employee of Defendant, he told a vendor to "watch your ass" when Mr. Eppenstein is around.

31. The vendor told Mr. Eppenstein about the comment who then reported it to Dr. Sakowitz and recommended that Mr. Boucher be terminated - again.

32. It was not just Mr. Eppenstein that complained about Mr. Boucher. Several other employees reported to Mr. Eppenstein that Mr. Boucher was making homophobic remarks about the LGBTQ+ community. These complaints were

reported to Mr. Eppenstein because as the COO he was the only person designated in the employee handbook, other than Dr. Sakowitz, for persons to submit complaints of harassment, discrimination and/or retaliation.

33. On June 19, 2023, both Plaintiff and Mr. Eppenstein made a formal, written complaint regarding Mr. Boucher's derogatory behavior.

34. Plaintiff's complaint, which detailed the harassment he was facing due to Mr. Boucher's conduct, was sent to Dr. Sakowitz and Julie Branscum, the Controller.

35. Plaintiff was demoted from CTO to a Technician within an hour of Plaintiff sending his complaint.

36. Mr. Eppenstein instead sent his complaint to Dr. Sakowitz and copied Defendant's legal counsel, Meagan Martin, Esq. of the Baker Hostetler law firm. The complaint detailed the behavior that had been reported to Mr. Eppenstein by other employees, as well as behavior both he and Plaintiff had witnessed, and were experiencing, from Mr. Boucher.

37. Plaintiff and Mr. Eppenstein were contacted by an attorney for Defendant, Jennifer McCrae, Esq., also of the Baker Hostetler law firm, who informed them that Defendant would be conducting an "independent and neutral investigation" of their complaints on behalf of Defendant and requested that she meet with Plaintiff.

38. On June 30, 2023, Plaintiff met with Ms. McCrae for three (3) hours, where Plaintiff provided Ms. McCrae with a full history of Mr. Boucher's

discriminatory history with Defendant. Plaintiff and Mr. Eppenstein provided Ms. McCrae with several witness statements from other current and former employees which corroborated their own complaints.

39. On June 30, 2023, Mr. Eppenstein also met with Ms. McCrae at her offices for three (3) hours.

40. Due to Mr. Boucher's ongoing discriminatory behavior, Plaintiff began to experience extreme stress, depression, and anxiety. Despite Plaintiff's and Mr. Eppenstein's complaints, no corrective actions were taken against Mr. Boucher, which caused Plaintiff's stress, depression, and anxiety to gradually worsen.

41. On June 26, 2023, Plaintiff visited his physician, who recommended that Plaintiff take three (3) weeks off work to lower his stress.

42. Plaintiff emailed Dr. Sakowitz, requesting FMLA leave paperwork.

43. Plaintiff's leave was initially approved for two (2) weeks but when Plaintiff called to coordinate his return to work on July 17, 2023, he was told to take an additional week off work.

44. On Plaintiff' first day back to work from medical leave, he learned that his partner, Mr. Eppenstein, had been terminated due to alleged "performance issues." The fact that Mr. Eppenstein had been terminated on his first day back to work after making a complaint of harassment, as well as his own demotion after making a complaint of harassment was intimidating and a wake-up call that no one cared.

45. Unfortunately, the retaliatory conduct did not stop. Plaintiff was excluded from meetings and was no left off communications for key projects. On each occasion, he notified management that he was being excluded, but his emails always went unanswered.

## COUNT I
## FCRA – RETALIATION DUE TO SEXUAL ORIENTATION

46. Plaintiff re-alleges and adopts paragraphs 1 – 45 as though set forth fully herein.

47. At all times relevant hereto, Defendant retaliated against Plaintiff because his

48. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

49. Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

50. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

51. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

52. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits and/or lost earning capacity;

    d.    Compensatory damages;

    e.    Punitive damages;

    f.    Injunctive relief;

    g.    Prejudgment interest;

    h.    Costs and attorney's fees; and

    i.    Such other relief as the Court may deem just and proper.

## COUNT II
## TITLE VII –RETALIATION DUE TO SEXUAL ORIENTATION

53. Plaintiff re-alleges and adopts paragraphs 1 – 45 as though set forth fully herein.

54. At all times relevant hereto, Defendant retaliated against Plaintiff because of his complaints of sexual orientation discrimination.

55. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

56. Defendant retaliated against Plaintiff with malice and reckless indifference to Plaintiff's rights under the Title VII.

57. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful retaliation.

58. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful retaliation.

59. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages;

    e. Punitive damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT III
## HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION IN VIOLATION OF THE FCRA

60. Plaintiff re-alleges and adopts paragraphs 1 – 45 as though set forth fully herein.

61. Plaintiff is a member of a protected class due to his sexual orientation.

62. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his sexual orientation in violation of the FCRA.

63. The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sexual orientation.

64. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

65. Defendant knew or should have known of the hostile work environment.

66. The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a. Back pay and benefits;

      b. Interest on back pay and benefits;

      c. Front pay and benefits and/or lost earning capacity;

      d. Compensatory damages;

      e. Punitive damages;

      f. Injunctive relief;

g.  Prejudgment interest;

h.  Costs and attorney's fees; and

i.  Such other relief as the Court may deem just and proper.

## COUNT IV
## HOSTILE WORK ENVIRONMENT BASED ON SEXUAL ORIENTATION IN VIOLATION OF TITLE VII

67. Plaintiff re-alleges and adopts paragraph 1 – 45 as though set forth fully herein.

68. Plaintiff is a member of a protected class due to his sexual orientation.

69. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based upon his sexual orientation in violation of Title VII.

70. The above-described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sexual orientation.

71. The conduct was so severe and pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

72. Defendant knew or should have known of the hostile work environment.

73. The hostile workplace environment was created and/or tolerated by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages;

    e. Punitive damages;

    f. Injunctive relief;

    g. Prejudgment interest;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

PLAINTIFF hereby demands a jury trial for all issues.

DATED this 18th day of December 2024.

**MORGAN & MORGAN, P.A.**

**/s/ James J. Henson**
JAMES J. HENSON, ESQ.
Fla. Bar No. 0077476
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
ssnider@forthepeople.com

*Attorney for Plaintiff*